UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| REHRIG PACIFIC COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-cv-00055-DHB-BKE |
| ) | |
| POLYMER LOGISTICS (ISRAEL), LTD. ) | |
| and POLYMER LOGISTICS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY**

On October 19, 2018, Defendants Polymer Logistics (Israel), Ltd. ("Polymer Israel") and Polymer Logistics, Inc. ("Polymer US") (collectively, "Polymer") filed (i) a motion to dismiss Plaintiff Rehrig Pacific Company's ("Rehrig") claims of willful infringement and its claims for enhanced damages under 35 U.S.C. § 284 (Doc. No. 18, "Willfulness Motion"); (ii) a motion to dismiss Polymer Israel for lack of personal jurisdiction (Doc. No. 17, "Rule 12(b)(2) Motion"); and (iii) a motion to transfer to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) (Doc. No. 19, "Transfer Motion"). Upon resolution of these Rule 12(b)(2) and 12(b)(6) motions, the scope of the issues (and potentially, the number of parties) before the Court is likely to narrow. Moreover, if the Court grants the Transfer Motion as Polymer believes it should, this case would be removed entirely from the Court's docket. Given these potential consequences, Polymer seeks a stay of discovery pending disposition of the pending motions to dismiss.

Proceeding with discovery in this action while Polymer's dispositive motions are pending would impose unnecessary and undue burdens on Polymer, Rehrig, and the Court. This Court

should therefore follow the "routine" of district courts in the Eleventh Circuit and find that good cause exists to grant Polymer's motion to stay discovery pending the resolution of at least the Willfulness Motion and the Rule 12(b)(2) Motion.

Moreover, absent a stay, the prejudice to Polymer is amplified by Rehrig's service of voluminous and facially premature discovery. Where such discovery is so facially premature, Rehrig will suffer no prejudice by a stay. For example, Rehrig served discovery on October 9, 2018 (the day of the parties' Rule 16 conference), seeking, *inter alia*, discovery regarding Polymer's answer and affirmative defenses (which would not even be due until fourteen days after the Court's ruling on the pending Willfulness and Personal Jurisdiction Motions, at the earliest) and Polymer's noninfringement contentions (which the parties' joint proposed discovery schedule does not require until December 28, 2018). Where, in view of the pending dispositive motions, neither Defendant has yet to answer or plead any affirmative defenses or counterclaims and Defendants' invalidity and noninfringement contentions are not due for several months, Rehrig's requests are entirely premature, and Rehrig will not suffer any prejudice from a stay where so much of the discovery they presently seek is not even ripe. Nor should Rehrig be heard to complain of a short delay in discovery where they waited nearly two months to file its Amended Complaint.

## FACTUAL BACKGROUND

On July 25, 2018, Rehrig filed a complaint against Polymer asserting that Polymer's "RPC Eggs" product, a reusable container used in the eggs industry, infringes claims of three Rehrig patents. (Doc. No. 1, Compl. ¶¶ 29-35.) Almost two months later, on September 21, 2018, Rehrig filed an Amended Complaint asserting two additional patents. (Doc. No. 13.) Both complaints allege, albeit without sufficient factual support, that Polymer willfully infringed the asserted patents and that Rehrig is entitled to enhanced damages under 35 U.S.C. § 284. (*See generally* Willfulness Motion.) Both complaints similarly fail to set forth a *prima facie* case of personal

jurisdiction over Polymer Israel in Georgia.  (*See generally* Rule 12(b)(2) Motion.)

On October 9, 2018, before Polymer was even required to respond to the Amended Complaint, Rehrig served voluminous requests for production, interrogatories, and a notice of deposition under Rule 30(b)(6) on both Polymer Israel and Polymer US.  These discovery requests are extremely broad and seek facially premature discovery.  (*See* Rehrig's October 9, 2018 Requests for Production, Interrogatories, and Deposition Notices, attached hereto as Exhibits A, B, and C, respectively.)  For example, Rehrig's requests seek documents and things that Polymer relied on in answering the complaint (Ex. A, Request for Production No. 1[1]), documents and things related to Polymer's claims and affirmative defenses (*id.*), all factual and legal bases for any noninfringement contention (Ex. B, Interrogatory No. 1), and all factual and legal bases for Polymer's affirmative defenses and counterclaims (Ex. B, Interrogatory No. 3).  As the Court is aware, Polymer has yet to file an answer, counterclaims, affirmative defenses, or noninfringement contentions.

Many of Rehrig's requests are also plainly premature based on the parties' joint Rule 26(f) Report and their proposed discovery schedule, which were filed on October 23, 2018 (Doc. No. 22 & Ex. A).  For example, even though the parties' proposed schedule does not require Polymer's disclosure of noninfringement contentions until December 28, 2018, Rehrig has already sought documents relating to those contentions.

Additionally, certain information that Rehrig seeks in discovery is relevant only to its willful infringement claims, which are the subject of Polymer's Willfulness Motion.  This includes Rehrig's requests for documents and things relating to any opinions that relate to the asserted

---

[1] Rehrig appears to have issued an identical set of discovery requests to each Defendant.  Thus, each numbered document request, interrogatory, and Rule 30(b)(6) deposition topic is the same for those issued to Polymer Israel and Polymer US.

patents (Ex. A, Request for Production No. 9) and Rehrig's requests for documents and things relating to all facts and circumstances under which Polymer first became aware of the asserted, and related, patents (Ex. B, Interrogatory No. 5). This also includes numerous Rule 30(b)(6) deposition topics related to Polymer's knowledge of the asserted patents and other subjects related only to its claims of willful infringement (*see* Ex. C, Rule 30(b)(6) Deposition Notice, Topic Nos. 8-11, 13-16).

On October 19, 2018, pursuant to Federal Rule of Civil Procedure 12(b)(6), Polymer timely moved to dismiss Rehrig's willful infringement claims and its request for enhanced damages. (*See* Willfulness Motion.) Also on October 19, 2018, Polymer Israel moved to dismiss the Amended Complaint for lack of personal jurisdiction (Rule 12(b)(2) Motion), and both Defendants moved to transfer the instant action to the Central District of California (Transfer Motion). Because the Willfulness Motion and the Rule 12(b)(2) Motion to Dismiss may result in the dismissal of a party and/or the dismissal of claims for which Rehrig has sought significant discovery, discovery in this case should be stayed pending resolution of these motions.

## LEGAL STANDARD

The Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Reese v. Sailem*, No. CV 3:16-cv-087, 2017 U.S. Dist. LEXIS 164718, at *1-2 (S.D. Ga. Oct. 4, 2017) (quoting *Ameris Bank v. Russack*, No. 6:14-cv-002, 2014 U.S. Dist. LEXIS 73460, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014)).

This inherent power should be exercised to resolve a facial challenge to the sufficiency of a claim before commencing discovery:

> [I]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the

>parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, *any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.*

*Strickland v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00058, 2017 U.S. Dist. LEXIS 96609, at *1-2 (S.D. Ga. June 22, 2017) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (emphasis added)); *accord Tyre v. Carter*, No. 2:16-cv-110, 2016 U.S. Dist. LEXIS 128242, at *3-4 (S.D. Ga. Sep. 20, 2016). Furthermore, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Hardy v. Ga. Dep't of Corr.*, No. 17-cv-172, 2018 U.S. Dist. LEXIS 161129, at *4 (S.D. Ga. Sep. 20, 2018) (quoting *Chudasama*, 123 F.3d at 1368). That is because, when assessing a Rule 12(b)(6) motion, "[n]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." *Tyre*, 2016 U.S. Dist. LEXIS 128242, at *4 (quoting *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005)).

"For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Strickland*, 2017 U.S. Dist. LEXIS 96609, at *2 (collecting cases); *accord Tyre*, 2016 U.S. Dist. LEXIS 128242, at *3-4.

When reviewing a request to stay discovery, "the Court should balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Reese*, 2017 U.S. Dist. LEXIS 164718, at *1-2 ("This involves weighing the likely costs and burdens of proceeding with discovery."). This balancing may involve a "preliminary peek at the merits of the dispositive motion to assess the likelihood that it will be granted." *Id.* at *2 (internal quotation marks omitted). This "preliminary peek" is not exhaustive, but may be satisfied if the Court finds that the motion to dismiss raised "non-frivolous"

arguments (*Butler v. Ga. Dep't of Corr.*, No. 6:18-cv-170, 2018 U.S. Dist. LEXIS 170185, at *2 (S.D. Ga. Oct. 1, 2018)) or "a cursory review of the motion to dismiss suggests it . . . could restrict the scope of discovery" (*Reese*, 2017 U.S. Dist. LEXIS 164718, at *2).

## ARGUMENT

The Court should grant Polymer's request for stay of discovery for good cause. If the Court grants Polymer Israel's Rule 12(b)(2) Motion to Dismiss, the case against Polymer Israel would be dismissed in its entirety, completely mooting Rehrig's discovery requests as to Polymer Israel. A stay would thus prevent the likely waste of resources associated with the international travel required for Polymer Israel to produce documents and deposition witnesses.

Irrespective of the Court's ruling on Polymer Israel's Rule 12(b)(2) Motion to Dismiss, the Court's disposition of Polymer's Willfulness Motion would significantly reduce the scope of discovery. If Polymer's Willfulness Motion is granted, discovery regarding knowledge of the asserted patents will no longer be relevant to Rehrig's remaining infringement claims. Nor will there be a need to litigate issues involving attorney-client privilege and opinions of counsel that are so often seen in connection with allegations of willful infringement. And the potential for waste of significant party and Court resources by engaging in unnecessary discovery is not merely theoretical because Rehrig has already issued extensive and premature discovery requests, including requests related to its claims of willful infringement.[2] If the Court grants Polymer's Willfulness Motion, thus disposing of Rehrig's willful infringement claims, discovery on these

---

[2] Rehrig has already served discovery requests relevant only to its willful infringement allegations, including a request for documents and things relating to any opinions that relate to the asserted patents (Ex. A, Request for Production No. 9) and a request for all facts and circumstances under which Polymer first became aware of the asserted, and related, patents (Ex. B, Interrogatory No. 5). Additionally, Rehrig has already served 30(b)(6) deposition notices containing numerous deposition topics related to Polymer's knowledge of the asserted patents and other willful infringement issues (see Ex. C, Rule 30(b)(6) Deposition Notice, Topic Nos. 8-11, 13-16).

claims and related issues would be moot, and Polymer would not have to bear the costs and other burdens of responding to them.

The Eleventh Circuit recognizes that discovery regarding unmeritorious claims imposes unnecessary costs on the responding party (e.g., time spent searching for and compiling responsive documents, and preparing for or attending depositions, and attorneys' fees), the requesting party (e.g., fees generated in drafting requests and reviewing responses), and the court. *Chudasama*, 123 F.3d at 1367-68 ("[S]carce judicial resources must be diverted from other cases to resolve discovery disputes.").

Because dismissal of Polymer Israel under Rule 12(b)(2) would remove Polymer Israel as a party and completely alleviate the burdens on Polymer Israel imposed by Rehrig's overbroad and premature discovery, good cause exists to stay discovery until the Willfulness and Rule 12(b)(2) Motions are resolved. Indeed, in these circumstances, a stay would provide the clear benefit of "sav[ing] the parties time and resources by clarifying what issues the parties will need to address in discovery." *Strickland*, 2017 U.S. Dist. LEXIS 96609, at *3 (finding good cause to stay discovery).

The clear benefit of saving the parties' and Court's resources cannot be outweighed here by any potential harm caused by staying discovery. Rehrig will not be prejudiced or suffer any harm as a result of a stay of discovery pending a ruling on the Willfulness and Rule 12(b)(2) Motions. Rehrig has not alleged, nor can it show, any urgency that would overcome the appropriateness of staying discovery at this time. *See Moseley v. Sessions*, No. 2:16-cv-153, 2017 U.S. Dist. LEXIS 66080, at *5-6 (S.D. Ga. May 1, 2017) (granting motion to stay where plaintiff did "not point[] to any specific evidence which could be lost or any other potential development that would render his discovery requests less effective after resolution of the Motion to Dismiss").

Nor will Rehrig be prejudiced if discovery is stayed because Polymer's pending motions and their requested stay are likely to be resolved well before the production dates to which Rehrig agreed in the parties' Rule 26(f) report and proposed discovery schedule.  For example, under the parties' joint proposed discovery schedule submitted to the Court (Doc. No. 22 at Ex. A), the key disclosures regarding Polymer's noninfringement contentions are not due until December 28, 2018, and even absent a stay, Rehrig's premature interrogatories could not rightfully accelerate that agreed deadline.

Moreover, mere "intangible harm produced by the delay in the discovery process" is likewise an insufficient basis upon which to deny a stay of discovery during the pendency of a motion to dismiss. *Moseley*, 2017 U.S. Dist. LEXIS 66080, at *6.  Rehrig does not need discovery to respond to or resolve the Willfulness Motion because it – like all motions filed pursuant to Rule 12(b)(6) – does not involve any facts beyond those alleged in the operative complaint itself.  Thus, Rehrig will experience no prejudice in responding to Polymer's Willfulness Motion if the Court grants the requested stay.

Finally, the Court should grant Polymer's request for stay of discovery, even though the Willfulness Motion is a partial motion to dismiss, because even a ruling on a partial motion to dismiss "before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery." *Tyre*, 2016 U.S. Dist. LEXIS 128242, at *4 (staying discovery pending the resolution of a partial motion to dismiss); *see also, e.g.*, *Hardy*, 2018 U.S. Dist. LEXIS 161129, at *4 (staying discovery pending the resolution of a partial motion to dismiss because "it makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted"); *Cooper v. Mayor of Savannah*, No. 4:16-cv-329, 2017 U.S. Dist. LEXIS 28084, at *4-5 (S.D. Ga. Feb. 28,

2017) ("If the case, *or any portion of it*, is summarily resolved before discovery, both parties will avoid unnecessary expenses." (emphasis added)).  And it certainly makes little sense to forge ahead with discovery over a party that is likely to be dismissed from the case for want of personal jurisdiction.  Accordingly, because a stay of discovery pending resolution of Polymer's Willfulness and Rule 12(b)(2) Motions will conserve the parties' and the Court's limited resources without harming the parties' legitimate interests, the Court should grant Polymer's motion for stay of discovery.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their motion and stay discovery until the Court resolves Defendants' pending motions.

Respectfully submitted this 24th day of October, 2018.

/s/ William J. Repko III
WILLIAM J. REPKO III
Georgia Bar No. 301797
jay.repko@alston.com
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, Georgia 30309
Telephone: (404) 881-7683

ADAM SAMANSKY (*pro hac vice forthcoming*)
Massachusetts Bar No. 661123
APSamansky@mintz.com
PETER J. CUOMO (*pro hac vice forthcoming*)
Massachusetts Bar No. 661368
PJCuomo@mintz.com
JOSEPH D. RUTKOWSKI (*pro hac vice forthcoming*)
Massachusetts Bar No. 681997
JDRutkowski@mintz.com

MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

## CERTIFICATE OF SERVICE

This is to certify that on October 24, 2018, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

/s/ William J. Repko III
WILLIAM J. REPKO III
Georgia Bar No. 301797
