IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| REHRIG PACIFIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-055 |
| | ) | |
| POLYMER LOGISTICS (ISRAEL), LTD., | ) | |
| and POLYMER LOGISTICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

This matter is before the Court on Defendants' Motion to Stay Discovery pending the Court's ruling on Defendant Polymer Logistics (Israel), Ltd.'s ("Polymer Israel") motion to dismiss for lack of personal jurisdiction, (doc. no. 17), and both Defendants' partial motion to dismiss for failure to state a claim and motion to change venue, (doc. nos. 18, 19).  For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay.  (Doc. no. 23.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motions, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendant Polymer Israel argues the Court has no personal jurisdiction over it, (doc. no. 17), and both Defendants argue for dismissal of particular claims, (see doc. no. 18), and transfer of this case to another district, (doc. no. 19). When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendants' motions.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Plaintiff argues a stay of discovery is not warranted because Defendants' motions only seek to limit the scope of the case, no discovery would be eliminated by the motions, and a stay would require re-working of the case management schedule proposed to the Court. (See doc. no. 35.)  However, if Defendants prevail on their motions, the extent and scope of discovery will likely be narrowed by dismissal of Polymer Israel and the willfulness claim. The only harm Plaintiff cites is a reworking of the case management schedule. (Doc. no. 35, p. 8.) However, no scheduling order has been entered by the Court to rework, and the joint 26(f) report contemplates a reworking of the proposed schedule in the event of a stay, (doc. no. 22, p. 1).

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' motions to dismiss. If any portion of the case remains before the Court after resolution of Defendants' motions, the parties shall confer and submit a new Rule 26(f) Report, with

proposed case deadlines, within seven days of the presiding District Judge's ruling.

SO ORDERED this 6th day of December, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA