1  SCOTT B. LIEBERMAN, Cal. Bar No. 208764
      *slieberman@ftrlfirm.com*
2  **FINLAYSON TOFFER**
   **ROOSEVELT & LILLY LLP**
3  15615 Alton Parkway, Suite 250
   Irvine, California 92618
4  Telephone:  949-759-3810
   Facsimile:   949-759-3812
5
6  STEVEN SUSSER (MI Bar No. P52940)*
      *ssusser@cgolaw.com*
7  JOHN E. CARLSON (MI Bar No. P51379)*
      *jcarlson@cgolaw.com*
8  MICHAEL ALEXANDER SZYPA, JR. (MI Bar No. P79696)*
      *aszypa@cgolaw.com*
9  JESSICA ZILBERBERG (MI Bar No. 81038)*
      *jzilberberg@cgolaw.com*
10 **CARLSON, GASKEY & OLDS, P.C.**
   400 W. Maple Road, Suite 350
11 Birmingham, Michigan 48009
   Telephone:  248-988-8360
12 Facsimile:   248-988-8363
   *Admitted Pro Hac Vice*

13 Attorneys for Plaintiff
   REHRIG PACIFIC COMPANY

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16

17

| REHRIG PACIFIC COMPANY, | Case No. 2:19-cv-04952-MWF-RAO |
|---|---|
| Plaintiff, | ***DISCOVERY MATTER*** |
| v. | |
| POLYMER LOGISTICS (ISRAEL), LTD. and POLYMER LOGISTICS, INC. | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | Complaint Filed:  July 25, 2018<br>Action Transferred: June 6, 2019<br>Trial Date:      February 23, 2021 |

1.     A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve Protected Information such as trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, absent a specific order by this Court, Protected Information shall be used by a receiving party solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, for patent prosecution or product design, or for any other litigation, and such information shall not be disclosed to anyone except as provided herein. The fact that information is designated as Protected Information under this Order shall not determine or affect what a trier of fact may find to be confidential or proprietary.

Protected Information consists of "Confidential Information," "Highly Confidential – Outside Counsel's Eyes Only" information, and "Highly Confidential – Outside Counsel's Eyes Only – Prosecution Bar" information.

As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which should be protected against disclosure to third parties. Examples

1

of such information or materials include materials a producing party reasonably and in good faith believes contain or disclose information that the producing party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.

As a further general guideline, information or materials designated as "Highly Confidential - Outside Counsel's Eyes Only" or "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" shall be those things of a proprietary business or technical nature that would be of value to a competitor or potential customer of the producing party or third party holding the proprietary rights thereto, and that should be protected from disclosure. Examples of such information or materials include a producing party's trade secrets; confidential technical or business information; technical practices, methods or other know-how; present or future marketing plans; product profit data or other projections; financial data; business strategy; confidential agreements or relationships with third parties; or materials that a producing party is under a preexisting obligation to a third party to treat as confidential. Materials will only be designated "Highly Confidential-Outside Counsel's Eyes Only - Prosecution Bar" if such materials relate to technical information regarding current or potential future products which technical information is nonpublic manufacturing processes or methods, materials specifications, design alternatives, and/or patent prosecution, licensing strategy or enforcement.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for

tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as Protected Information does not — without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must

articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 <u>Action</u>: *Rehrig Pacific Company v. Polymer Logistics (Israel) Ltd. and Polymer Logistics Inc.*, Case No. 2:19-cv-04952-MWE-RAO.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Information.

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Information</u>: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Outside Counsel's Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only – Prosecution Bar."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Information (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or

compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Information.

Any use of Protected Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Information at trial.

## 4. DURATION

Once a case proceeds to trial, information that was designated as "Confidential," "Highly Confidential – Outside Counsel's Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only – Prosecution Bar" or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "Confidential," "Highly Confidential – Outside Counsel's Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only – Prosecution Bar" (hereinafter "legend"), together with the identification of the producing party, to each page that contains Protected Information at the time such documents are produced or disclosed, or as soon thereafter as the producing party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. No liability or sanctions, however, shall arise or be imposed for any disclosure by a receiving party prior to designation to those not authorized to view the materials under this Order. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Outside Counsel's Eyes Only – Prosecution Bar." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend to each page that contains Protected Information. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or other pretrial testimony that the Designating Party identifies the Disclosure or Discovery Material (i) by a statement on the record, by Counsel, during such deposition or other pretrial proceeding, that the entire transcript or a portion thereof shall be designated as "Confidential," "Highly Confidential – Outside Counsel's Eyes Only," or "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties no later than seven (7) calendar days after counsel for the producing party receives (electronically or otherwise) the transcript of the deposition. The Parties shall treat all deposition and other pretrial testimony as "Highly Confidential - Outside Counsel's Eyes Only" hereunder until the expiration of seven (7) calendar days after the transcript is delivered to counsel. In the event of a designation after the seven (7) day period, no liability or sanctions shall arise or be imposed for any disclosure by a receiving party to persons not authorized to view the materials prior to the other's party's designation under this Order. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such

deposition or proceeding or otherwise by written stipulation, without further order of the Court; provided, however, that any such modification is subject to review by the Court, if appropriate. If any Protected Information is disclosed during the course of a deposition, that portion of the deposition record reflecting such Protected Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Order. With respect to any testimony elicited during any deposition, whenever Counsel for any Party deems that any question or line of questioning calls for or has resulted in disclosure of Protected Information and that any person in attendance at the deposition who is not the witness being examined and who is not qualified to receive such information pursuant to this Order, then such person shall be excluded from those portions of the proceeding during which disclosure of the Protected Information occurs.

(c) for information produced in some form other than documentary and for any other tangible items, such as electronic media, video tape, or similar materials, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend at the time such documents are produced or disclosed, or as soon thereafter as the producing party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. No liability or sanctions, however, shall arise or be imposed for any disclosure by a receiving party prior to designation to those not authorized to view the materials under this Order. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. A Party may challenge a Designating Party's designation of Protected Information at any time by serving a written objection upon the Designating Party. The Designating Party shall notify the Challenging Party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. within three (3) business days after the Challenging Party has received the notice of the bases for the asserted designation.

6.3 To the extent the Designating Party and Challenging Party are unable to reach an agreement as to the designation, the Challenging Party may make an appropriate application to this Court, with Protected Information portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.5 No Party shall be obligated to challenge the propriety of the designation of any Protected Information, and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) subject to and conditioned upon compliance with paragraph 7.4 of this Order, no more than one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action, only after said House Counsel has signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) (a copy of such signed agreement shall be maintained by Counsel for the Party providing such access);

(c) subject to and conditioned upon compliance with paragraph 7.4 of this Order, Experts (as defined in this Order) of the Receiving Party including their administrative assistants, secretaries and other members of the clerical and administrative staffs of those Experts, or consultants whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (a copy of such signed agreement shall be maintained by Counsel for the Party providing such access);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) any clerical service provider that is independent of the parties and is engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like, provided that such service provider or providers have agreed to be bound by and comply with this Protective Order;

(k) employees of the Designating Party; and

(l) Any other person whom the parties agree upon in writing or the Court, on notice and motion, approves.

7.3 <u>Disclosure of "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose, summarize, describe, characterize or otherwise communicate any information or item designated "Highly Confidential – Outside Counsel's Eyes Only," "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar," or copies or extracts therefrom and compilations and summaries thereof, in whole or in part, only to the persons described in paragraphs 7.2 (a) and (c)-(l).

7.4 <u>Procedure for Qualifying House Counsel and Experts to Receive Protected Information</u>.

(a) The Party seeking to disclose Protected Information to any persons listed in Paragraph 7.2(c) herein shall provide, by overnight courier, email or fax, the other Parties with a current resume or curriculum vitae of such person, which shall identify their past and present employment, as well as persons or entities with whom the consultant has been engaged in any consulting relationships for the last five years as well as a brief description of the subject matter of that consulting work, and a copy of a completed and signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

13

(b) The Party seeking to disclose Confidential Information to House Counsel listed in Paragraph 7.2(b) herein shall provide, by overnight courier, email or fax, the other parties with each such person's name and title, and a copy of a completed and signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c) If a Party believes that disclosure of Protected Information to a person disclosed pursuant to Paragraphs 7.4(a)-(b) could injure or prejudice the Designating Party, that Party may object, in writing, within 5 business days of the receipt of the and a copy of a completed and signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and information enumerated above to the Party who selected the person; no Protected Information may be provided to such person prior to the expiration of that 5-business day time period. No Party may unreasonably object to the provision of Protected Information to such persons. If the Parties cannot resolve their dispute on the terms of disclosure and a party objects pursuant to the provisions of this paragraph, the Party seeking disclosure may seek an order from the Court permitting disclosure of Protected Information to such person, or other appropriate relief. Under this paragraph, it shall be the burden of the party opposing disclosure to demonstrate why such employee should be denied access to Protected Information. No such person as to whom timely objection is made shall receive Protected Information unless and until all such objections are resolved. Should any House Counsel cease to be employed by the respective party or otherwise be prevented from involvement in this case, the parties will agree in writing to a replacement pursuant to this paragraph.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by

one not a party to this action seeking discovery of any Protected Information that was produced by someone other than the Party, that Party must:

(a) give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced the Protected Information, shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order ;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Information. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. In order to expedite Non-Party discovery, a copy of this Order and a letter generally informing the Non-Party of its right to invoke the protections set out herein shall be served with all such discovery.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court

order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Information.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Producing Party shall promptly upon discovery of such inadvertent disclosure advise the Receiving Party in writing and request that the item or items of information be returned. In that event, the disclosure shall not serve as a waiver of any privilege or immunity. Immediately upon receiving notice of inadvertent production under this paragraph, the Receiving Party shall sequester the subject material and shall not use said material for any purpose unless and until the responding party objection to the producing party's claim to privilege or immunity is resolved. Under this paragraph, it shall be the burden of responding party challenging the Producing Party's assertion of any privilege or immunity to demonstrate why such assertion of privilege or immunity is improper. A party may challenge a producing

claim to privilege or immunity under this paragraph by serving a written objection upon the producing party within three (3) business days of notice of inadvertent production. The Producing Party shall notify the challenging party in writing of the bases for the asserted privilege or immunity within five (5) business days after receiving any written objection. The producing party and challenging party shall confer in good faith as to the validity of the assertion of privilege or immunity within three (3) business days after the challenging party has received the notice of the bases for the assertion. To the extent the producing party and challenging party are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. The provisions of this paragraph shall not apply to any disclosure when the material disclosed is relied upon by the producing party during trial or in support of any position taken before the Court.

Any Producing Party who inadvertently fails to designate Protected Information or otherwise wishes to change the designation of confidentiality under this Order, may later do so, and such document/information shall be treated by all other parties as being so designated from the time of the notification in writing of the inadvertent designation. A Producing Party shall correct its failure to mark an item as Protected Information in writing accompanied by substitute copies of each item, container or folder, appropriately marked with the proper confidentiality designation pursuant to this Order. The inadvertent disclosure of Protected Information by the Producing Party in producing discovery, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a producing party's claim of confidentiality, either

as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. As soon as the Receiving Party has notice of the inadvertent production, the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7, above, as well as any copies made by such persons.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 Any attorney representing a Receiving Party, whether House Counsel or Outside Counsel of Record, and any person associated with a Receiving Party and permitted to receive a Producing Party's information designated "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar," who obtains, receives, views, or otherwise learns, in whole or in part, the producing party's "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" information

under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the collapsible crates of the patents asserted by any party in this action on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals.

Materials will only be designated "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" if those materials relate to technical information regarding current or potential future products. Technical information regarding current or potential future products is nonpublic manufacturing processes or methods, materials specifications, design alternatives, and/or patent prosecution, licensing strategy or enforcement. Each party shall facilitate compliance with this order by separately producing documents designated "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" on a separately designated FTP site or on a CD which is clearly marked and separate from production of any other documents. To ensure compliance with the purpose of this provision, each Receiving Party shall create an "Ethical Wall" between those persons who view materials designated "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application and/or claim amendment in any such post grant proceeding pertaining to the collapsible crates of the patents in-suit. This paragraph does not affect any attorney's ability to participate in post-grant proceedings (including reexamination, *inter partes* review, or other AIA procedure, except for claim amendment in any such post grant proceeding) before the U.S. Patent & Trademark Office or to disclose any prior art or undesignated information provided as part of the P.R. 3-3 or 3-4 disclosures by any party to any individuals who, on behalf of the receiving party, prepare, prosecute, supervise or assist in the

preparation or prosecution of any patent application pertaining to the collapsible crates of the patents-in-suit.

12.5 Entering into, agreeing to, and/or producing or receiving Protected Information or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any Protected Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Information;

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed;

(g) prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the category of "Highly Confidential - Outside Counsel's Eyes Only" or "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar" information, is properly designated "Highly Confidential - Outside Counsel's

Eyes Only'' or "Highly Confidential - Outside Counsel's Eyes Only - Prosecution Bar'" or

(h) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties.

12.6 This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Protected Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of Protected Information obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

(b) is or becomes publicly known through no fault or act or omission of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

13. <u>FINAL DISPOSITION</u>

Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, each Receiving Party must return all Protected Information to the Producing Party or destroy such material. As used in this subdivision, "all Protected Information" includes all copies, abstracts, compilations, summaries, excerpts and any other format reproducing or capturing any of the Protected Information. Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Information. No extra efforts need be taken to destroy automatic electronic back-ups, besides any steps regularly implemented to 'recycle' back-up storage media. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Protective Order as set forth in Section 4 (DURATION). All materials returned to the Parties or their Counsel by the Court likewise shall be disposed of in accordance with this paragraph.

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned counsel for Rehrig certifies that the content of this document is acceptable to counsel for Defendants, and that Mr. Eastham has provided his authorization to affix his electronic signature to this document.

/ / /

/ / /

DATED: October 7, 2019

FINLAYSON TOFFER ROOSEVELT & LILLY LLP

By       */s/ Scott B. Lieberman*

SCOTT B. LIEBERMAN
*And* CARLSON, GASKEY & OLDS, P.C.,
STEVEN SUSSER*, JOHN E. CARLSON*
MICHAEL ALEXANDER SZYPA, JR.*
JESSICA ZILBERBERG*
Attorneys for Plaintiff
REHRIG PACIFIC COMPANY
*Admitted *Pro Hac Vice*

DATED: October 7, 2019

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO PC

By       */s/ Eric J. Eastham*

ERIC J. EASTHAM
*And* ADAM P. SAMANSKY*
JOSEPH D. RUTKOWSKI*
PETER J. CUOMO*
Attorneys for Defendants
POLYMER LOGISTICS (ISRAEL), LTD.
and POLYMER LOGISTICS, INC.
*Admitted *Pro Hac Vice*

**<u>FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.</u>**

Dated: October 9, 2019

HON. ROZELLA A. OLIVER

United States Magistrate Judge

24

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the case of *Rehrig Pacific Company v. Polymer Logistics*

*(Israel), Ltd. et al.*, Case No. 2:19-cv-04952-MWF-RAO.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.  I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15615 Alton Parkway, Suite 250, Irvine, California 92618. I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On October 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2019, at Irvine, California.

*/s/ Scott B. Lieberman*
SCOTT B. LIEBERMAN